## JOSEPHINE FRITZ v. O'BRIEN LAND COMPANY.[1]

May 24, 1912.

Nos. 17,540—(91).

**Vendor and purchaser — payment of taxes.**

A deed, pursuant to a contract for the delivery thereof, dated December 22, 1906, was executed and tendered by the grantor, this plaintiff, to the grantee therein before the taxes for that year became due and payable. It was not then accepted, because the grantee objected to the title, but was left, at defendant's request, in a bank, which was to deliver it upon receipt of the purchase price. While so held and before delivery, the taxes became due. In this action, brought by the grantor, after delivery of the deed, for the balance of the purchase price, against the party to whom the grantor had contracted to deliver the same, *held*, such party cannot offset against the purchase price the taxes for 1906, paid by it without plaintiff's implied or express direction.

Action in the district court for Big Stone county to recover $1,875, balance alleged to be due upon the purchase price of a certain farm. The reply was a general denial. The case was tried before Johnson, J., acting for the judge of the Sixteenth judicial district, who made

[1] Reported in 136 N. W. 301.

findings and as conclusion of law ordered judgment in favor of plaintiff for $2,349. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Cliff & Purcell,* for appellant.

*Schmidt & Waters,* for respondent.

HOLT, J.

Plaintiff sued the defendant for the balance due for the purchase price of a farm, and recovered a verdict, and defendant appeals from the order denying a new trial.

On December 22, 1906, the defendant, a corporation, by a written agreement, sold one hundred sixty acres of land, then owned by plaintiff, in Big Stone county to T. F. Mahoney for $5,100. Subjoined to the contract was this agreement, executed by plaintiff: "I guarantee and deliver to the O'Brien Land Company a deed conveying (describing the land), together with abstract of title complete for the sum of four thousand nine hundred dollars ($4,900), on which I acknowledge payment of $25.00." At defendant's direction, plaintiff executed a deed to the land, naming T. F. Mahoney as grantee, and sent the same, with abstract, by mail, December 29, 1906, to the Big Stone County Bank at Graceville, Minnesota. The bank was to deliver the deed on receipt of the money. Mr. A. D. O'Brien was the president of both the bank and the defendant. Although it is admitted in the answer that plaintiff was the owner of the land, some objection was raised by Mr. Mahoney's attorneys to the title. Plaintiff offered to pay back the $25 received on the purchase price and take back the deed. This the defendant refused. Then evidently some proceedings were taken by plaintiff to make the record title satisfactory to the grantee in the deed; and, being desirous to farm the land while this was being done, possession was given him upon payment of $3,000 of the purchase price and the execution of the following agreement, dated April 19, 1907, signed by the president of defendant and plaintiff's agent:

"It is understood and agreed that $3,000 is this day to be paid on the purchase of [describing land] on the terms of contract under

date of December 22, 1906, and Ed. Fritz agrees to give possession of the land by or before Thursday, April 25, 1907, and further agrees (Fritz) to allow the land to be farmed any time after this date, the balance due Fritz of $1,875 to be paid when the title is perfected according to the opinion of Francis & Rowell, attorneys of Tipton, Iowa. The 1906 taxes to be adjusted later, that is, who is to pay them; if Fritz is to pay them the amount is to be deducted from the $1,875, if he is not to pay them, the full $1,875 to be paid. It is further understood that the deed is to be recorded at this time and taxes paid but the tax payment [that is by whom paid] to be adjusted later."

Mr. Mahoney took possession April 25, 1907, and the deed was recorded April 20, 1907. There was never any further adjustment or agreement as to the taxes for the year 1906. The defendant admitted that plaintiff was entitled to $1,875, less $52.57, the taxes for 1906, but claimed that this sum did not become due and payable, so as to draw interest, until the title was perfected September 11, 1907. The trial court computed interest from the time possession of the farm was delivered to Mr. Mahoney, and disregarded defendant's claim for taxes.

As we understand appellant now, the rule adopted by the trial court for computing the interest is not questioned on this appeal. Defendant, by requesting amended findings to the effect that the recovery allowed at $2,349 be reduced to $2,296, and assigning error on the court's refusal to do so, evidently challenges the correctness of the amount of the judgment only as to the failure to deduct the amount of the taxes, namely, $52.57. And as incident thereto, perhaps, the exclusion of some testimony in relation to the defect in the title as the cause for the delay in closing the transaction.

The defendant contends that the court failed to make a finding on a material issue voluntarily litigated, though, perhaps, not raised by the pleadings, namely, as to who is liable for these taxes which defendant claims it paid in August, 1907. It seems to us the court was not bound to place the liability for the payment of these taxes

upon the shoulders of anyone, unless the evidence required a finding that plaintiff should pay them.

Assume that the testimony was properly before the court upon defendant's right to recover, or offset these taxes against the balance of the purchase price, we have this situation: There never was any agreement by plaintiff to reimburse the defendant for taxes it might pay either to the county treasurer or anyone else. She did not agree so to do by either of the instruments above set out, and the testimony fails to show any oral or written agreement to pay. On the contrary, she protested against doing so. If there is any liability on her part to pay taxes, it must be found in the covenant against incumbrances in the deed conveying the land to T. F. Mahoney; but that is admitted by the terms of the agreement of April 19, above set out, to have been executed in pursuance of the contract entered into December 22, 1906, before any taxes became an incumbrance as between grantor and grantee. Even were it possible to read into the contract of December 22, 1906, an implied agreement that the deed, when finally delivered, should contain a warranty against the taxes for 1906, the deed was delivered pursuant to the contract, and therefore the terms of the contract became merged in the covenants of the deed; and, if any liability exists on the covenants therein, it inures to the grantor, Mr. Mahoney. If defendant paid the amount for the taxes in August, 1907, to anyone, it was not paid at the request of plaintiff, but with knowledge of defendant that she repudiated all liability for taxes.

Under no view of the evidence could a finding be sustained allowing the defendant any set-off for taxes upon plaintiff's demands against it. We do not consider the rulings of the trial court as to the defects in plaintiff's title, or the cause for delay in closing the transaction, to have been prejudicial to the defendant. It sufficiently appears that there was some delay, due to objections to the record title, and that plaintiff, when defendant insisted that she should carry out her first agreement, undertook to remedy the defects, whatever they might have been.

Order affirmed.